## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN DAVISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-CV-274 |
| | § | |
| PLANO INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S ALTERNATE REQUEST FOR LEAVE
TO AMEND AND GRANTING IN PART DEFENDANT'S MOTION TO
DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM**

The following are pending before the court:

1.   Plano Independent School District's motion to dismiss for Plaintiff's failure to state a claim (docket entry #5); and

2.   Plaintiff's opposition to motion to dismiss and alternative request for leave to amend (docket entry #8).

Having considered the Defendant's motion and the Plaintiff's alternate request, the court finds that the Defendant's motion to dismiss should be granted in part and the Plaintiff's request for leave to amend should be granted.

### BACKGROUND

On June 4, 2007, the Plaintiff filed the instant action against the Plano Independent School District. The Plaintiff is seeking actual damages and exemplary damages for violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. On August 3, 2007, the Defendant filed a motion to dismiss. The Plaintiff subsequently filed a response in opposition to the Defendant's

motion to dismiss as well as a request for leave to amend her complaint.

## DISCUSSION AND ANALYSIS

The court has reviewed the Defendant's motion to dismiss and the Plaintiff's opposition thereto.  However, the court is inclined to grant the Plaintiff's request for leave to amend her complaint.[1]  Since the Defendant's motion is directed to the Plaintiff's original complaint and since the court is granting the Plaintiff's request for leave to file her first amended original complaint, the Defendant's motion is moot and should be denied.

The court, however, would be remiss if it did not address one issue raised by the Defendant in its motion to dismiss.  In its motion, the Defendant argues that because the Plano Independent School District is a governmental entity[2], it is not liable for punitive damages under any of the Plaintiff's asserted theories of recovery.  While the Plaintiff responded to the remaining portions of the Defendant's motion to dismiss, the Plaintiff did not respond to the Defendant's punitive damages argument.  "In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  Local Rule CV-7(d).  Since the Plaintiff failed to file an opposition to the Defendant's punitive damages argument, the court will assume that the Plaintiff has no opposition to the same.  Accordingly, the Plaintiff is barred from seeking punitive damages against the Plano Independent School District.  *See Ollie v. Plano Independent School District*, 2007 WL 951532, *4 (E.D. Tex. 2007).

---

[1]The deadline to file amended pleadings is June 25, 2008.  AMD. SCHEDULING ORD., P. 1, ¶ 2 (FEBRUARY 5, 2008).

[2]*See* PL. ORIG. COMPL., P. 1, ¶ 1.02; PL. FIRST AMD. ORIG. COMPL., P. 1, ¶ 1.02.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant Plano Independent School District's motion to dismiss for Plaintiff's failure to state a claim (docket entry #5) is hereby **GRANTED IN PART**. Additionally, the Plaintiff's alternative request for leave to amend (docket entry #8) is **GRANTED**. The Plaintiff is hereby **ORDERED** to file her First Amended Original Complaint within forty-five (45) days of the entry of this order.  The Plaintiff shall redact that portion of her First Amended Original Complaint which seeks exemplary damages.  The Plaintiff is **CAUTIONED** that the failure by the Plaintiff to comply with the orders contained herein shall result in the dismissal of this lawsuit without prejudice.

IT IS SO ORDERED.

**SIGNED this the 12th day of March, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE